IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,          )
                                   )
                Plaintiff,         )    Magistrate Parker
                                   )    Cleveland, Ohio
        vs.                        )
                                   )
ELI TAIEB,                         )    Number 1:22CR248
                                   )
                Defendant.         )

- - - - -

TRANSCRIPT OF PLEA PROCEEDINGS HAD BEFORE

THE HONORABLE THOMAS M. PARKER

MAGISTRATE JUDGE OF SAID COURT,

ON TUESDAY, JUNE 7, 2022

- - - - -

Official Court Reporter:        Shirle M. Perkins, RDR, CRR
                                U.S. District Court
                                801 West Superior, #7-189
                                Cleveland, OH 44113-1829
                                (216) 357-7106

Proceedings recorded electronically. Transcript produced by
mechanical stenography with computer-aided transcription.

```
 1    APPEARANCES:

 2    For the Government:              ALEJANDRO ABREU,
                                       JAMES L. MORFORD,
 3                                     Assistant U.S. Attorneys
                                       801 West Superior Avenue
 4                                     Cleveland, Ohio 44113
                                       (216) 622-3600
 5

 6    For the Defendant:              TERRY M. BRENNAN, ESQ.,
                                       Baker & Hostetler - Cleveland
 7                                     Suite 2000
                                       127 Public Square
 8                                     Cleveland, OH 44114
                                       (216) 861-7485
 9
                                       PAUL J. NATHANSON, ESQ.,
10                                     STEFANI JOHNSON MYRICK, ESQ.,
                                       Davis, Polk & Wardwell
11                                     901 15th Street, Northwest
                                       Washington, DC 20005
12                                     (202) 450-7000

13
      Also Present:                   KENNETH WAINSTEIN, ESQ.,
14

15

16

17

18

19

20

21

22

23

24

25
```

<u>Tuesday Session, June 7, 2022, at 10:00 A.M.</u>

1

2          DEPUTY CLERK:  The case before the Court is

3  1:22CR248 United States of America versus Eli Taieb.

4          THE COURT:  Counsel, if you would please

5  indicate your appearances for today's record.

6          MR. ABREU:  Good morning, your Honor.

7      Assistant United States Attorney Alex Abreu for the

8  United States of America.  With me today is Assistant United

9  States Attorney James Morford and FBI Special Agent Anthony

10  Fry.

11          THE COURT:  Good morning.

12          MR. BRENNAN:  Good morning, your Honor.

13      Terry Brennan, Baker Hostetler, on behalf of Eli

14  Taieb.  I'm joined by Stefani Johnson Myrick, Paul

15  Nathanson, and Keith Wainstein of the Davis Polk law firm.

16          THE COURT:  Good morning, counsel.

17      I believe from my review of the docket, that some of

18  the attorneys for the Defendant have motions pending before

19  Judge Oliver to be admitted pro hoc vice.  I don't know that

20  any of the three attorneys just mentioned by Mr. Brennan

21  have already been admitted, but I welcome you here today.

22      I believe, based on conversations I had with counsel

23  before we came on record, Mr. Brennan will be handling the

24  speaking part of today's proceeding.

25      I did notice in my review of the plea agreement that

1    it has been signed by Attorney Wainstein.  Counsel has

2    indicated Mr. Wainstein has not yet been admitted pro hoc

3    vice.

4        From my sense of things, Judge Oliver probably will

5    accept that and execute it, upon some confirmation from

6    Mr. Wainstein that he is retained by Mr. Taieb and serving

7    as his attorney.  It may be that he'll want Mr. Brennan to

8    sign the plea agreement.  I'm not certain.  But certainly

9    that is something that can be taken up between now and the

10    September 27th sentencing hearing.

11        Mr. Brennan, any counsel-related issues you believe we

12    should discuss at the outset otherwise?

13            MR. BRENNAN:  No, your Honor.

14            THE COURT:  All right.  Thank you.

15        All right.  Good morning to you, Mr. Taieb.

16            THE DEFENDANT:  Good morning, your Honor.

17            THE COURT:  Mr. Taieb, we're on record today

18    because I've been informed you had made a decision to plead

19    guilty to an Information, which is in essence an agreement

20    on charges that have been -- has been entered into between

21    you and the United States in this matter.

22        We have a few additional procedural steps to address.

23    Because the case comes to the Court by way of Information

24    rather than an indictment -- and I'll get to those in just a

25    moment -- at the outset, I wish to inquire whether you

1    consent to appear today before me, a Magistrate Judge, upon

2    the referral of Judge Oliver, for purposes of receiving your

3    plea of guilty?

4                    THE DEFENDANT:  Yes, sir.

5                    THE COURT:  I have a signed consent form

6    indicating that you do agree to appear before me.  It's

7    important to understand that if you consent to appear before

8    the Magistrate Judge for purposes of entering a plea, you do

9    give up your right to enter a plea before the District

10   Judge, Judge Oliver.

11        However, Judge Oliver is the person who will be

12   responsible for imposing the sentence in the case, and he

13   obviously remains the Judge in the case.  We just do these

14   referrals in order to best use the Court's judicial officers

15   as efficiently as possible.

16        So have you had an opportunity to discuss that with

17   your attorneys?

18                    THE DEFENDANT:  Yes, your Honor.

19                    THE COURT:  And can you confirm that you did

20   sign the consent form?

21                    THE DEFENDANT:  Yes.  Yes, I did, your Honor.

22                    THE COURT:  Mr. Brennan, have you likewise

23   signed the consent form?

24                    MR. BRENNAN:  I have, your Honor.

25                    THE COURT:  I know from the review of the

document, it was also signed by Mr. Abreu.  So we will

accept the consent of the parties to proceed today before

me.

Let me indicate to you, Mr. Taieb, that we're on the

record, as I said, for purposes of receiving a plea of

guilty.  One might think that because we've gone on the

record and we have all this legal talent assembled, somehow

that would mean you must plead guilty today.  But I want to

stress to you that you alone make the decision whether to

plead guilty, and you should do so only after we have gone

through this process.  If you decide not to plead guilty at

any stage because of anything you think of or hear, all you

need to do is tell me that you've had a change of mind and

we'll stop the proceeding.  And you can then reserve your

right to either be indicted or, even if the Information

stands, to take the case to trial.

Do you understand what I'm saying?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  All right.

Now, I will have quite a few questions I need to ask

you today, sir.  I want to stress to you that these

questions are asked under oath.  They're part of the process

for determining we can receive a valid plea of guilty.

You do have the right to remain silent.  You're not

required to make any statements and anything you do say can

1    be used against you.  You have the right to speak to your

2    attorneys at any point during this hearing and do so

3    privately in a breakout room if you wish to do that.

4        In order to assure I have received a valid plea, I

21:24:07  5    will have to ask you questions about what the Government has

6    alleged in the Information.

7        By responding to those questions, you will be making

8    statements against your own interests and necessarily

9    waiving your right against self-incrimination and your right

21:24:22 10   to remain silent.

11       Do you understand what I'm saying?

12            THE DEFENDANT:  Yes, your Honor.

13            THE COURT:  All right.

14       So I'll have you raise your right hand so you may be

21:24:29 15   sworn in and then we'll proceed.

16        (Defendant sworn.)

17            THE COURT:  All right, Mr. Taieb.

18       You now are under oath to tell the truth.  If you

19   choose to answer the Court's questions as indicated, you do

21:24:49 20   face potential penalties or prosecution for perjury if you

21   do not tell the truth.

22       Do you understand that?

23            THE DEFENDANT:  Yes, your Honor.

24            THE COURT:  All right.

21:24:58 25   I've been advised that the Information has been

1    filed -- the record should reflect that the Information was

2    filed May 13, 2022.  Mr. Taieb, when an Information is

3    filed, there's a necessary issue to discuss before we

4    continue, and that is the fact that you, by allowing the

21:25:17  5    case to proceed by way of Information, will be giving up

6    your right to be indicted, to have a Grand Jury review the

7    case and make a determination as to whether to indict you.

8         Do you understand you have that right?

9              THE DEFENDANT:  Yes, your Honor.

21:25:33 10              THE COURT:  That right attaches because some

11    of the offenses that have been asserted against you in the

12    Information are punishable by imprisonment for more than one

13    year.

14         Have you had a chance to discuss with your legal

21:25:47 15    counsel the decision to proceed by way of Information rather

16    than by way of indictment?

17              THE DEFENDANT:  Yes, your Honor.

18              THE COURT:  And do you wish to give up your

19    right to have the case presented to the Grand Jury for its

21:26:02 20    consideration pursuant to the potential issuance of an

21    indictment?

22              THE DEFENDANT:  Yes, your Honor.

23              THE COURT:  Have you signed the Waiver of

24    Indictment form that I now have in my possession?

21:26:13 25              THE DEFENDANT:  Yes, your Honor.

1        THE COURT:  It appears to have been signed

2   yesterday on June 6, 2022, by you and by your counsel,

3   Mr. Brennan.

4       Is that correct?

21:26:25 5        THE DEFENDANT:  Yes, your Honor.

6        THE COURT:  Do you have any questions about

7   the right that you give up by waiving your right to Grand

8   Jury presentment?

9        THE DEFENDANT:  No.

21:26:43 10        THE COURT:  I accept the Defendant's waiver in

11   that regard and we will then proceed.

12       All right.  Let's talk about the fact that we're using

13   videoconferencing for this process.  The Court's authorized

14   to do that under the general authority granted to the United

21:26:56 15   States courts by the CARES Act but also more specifically,

16   under the authority granted to the Judges of our court in

17   the General Orders the Court issued by our Chief Judge.

18       In order to proceed by way of video for a change of

19   plea hearing, we do have to make findings that it's

21:27:13 20   necessary to proceed in this way to best protect the health

21   and safety of all the participants and that it's necessary

22   to do so in order to avoid needless delay in the pursuit of

23   justice, if you will, in this proceeding.

24       Let me inquire whether counsel for the Government and

21:27:31 25   Defense each stipulate the Court can make such findings?

1          MR. ABREU:  The Government stipulates.

2          MR. BRENNAN:  We stipulate on behalf of

3    Mr. Taieb.

4          THE COURT:  And, Mr. Taieb, do you consent to

21:27:43  5    appear today through the use of videoconferencing rather

6    than through an in-person appearance in court?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Where are you located right now?

9          THE DEFENDANT:  Florida.

21:27:57 10          THE COURT:  Saves you a trip to Cleveland so I

11   would imagine that's something that would meet with your

12   approval.

13          THE DEFENDANT:  Yes, your Honor.  Thank you.

14          THE COURT:  All right.

21:28:06 15       The Court will accept the stipulation of the parties

16   and I will find for the record that it is necessary proceed

17   by the use of video for the reasons indicated, to protect

18   the health and safety of the participants and to avoid the

19   needless delay in bringing these matters to a conclusion.

21:28:23 20       All right, Mr. Taieb.  Let's begin by asking you a few

21   background questions.  I'd like you to state your full name

22   and your age for the record, please.

23          THE DEFENDANT:  Eli Taieb, 47 years old.

24          THE COURT:  Mr. Taieb, are you a citizen of

21:35:59 25   the United States?

1                    THE DEFENDANT:  Yes, your Honor.

2                    THE COURT:  How far did you go in your formal

3       education?

4                    THE DEFENDANT:  High school.

21:36:06  5          THE COURT:  Are you employed in any way

6       currently?

7                    THE DEFENDANT:  Yes.

8                    THE COURT:  What kind of work do you do?

9                    THE DEFENDANT:  I do consulting for a

21:36:14 10      marketing company.

11                   THE COURT:  All right.

12           Now within the past 24 hours, have you taken any

13      medications or any other substances in your body that would

14      in some way interfere with understanding what you're doing

21:36:26 15      here today?

16                   THE DEFENDANT:  No, your Honor.

17                   THE COURT:  Have you received any care or

18      treatment within the past 12 months from any medical

19      provider who deals with mental health or psychological

21:36:38 20      issues?

21                   THE DEFENDANT:  No, your Honor.

22                   THE COURT:  Do you understand what you're

23      doing here today?

24                   THE DEFENDANT:  Yes, your Honor.

21:36:42 25                   THE COURT:  How would you describe it in your

1    own words?

2                    THE DEFENDANT:  I'm entering into a plea with

3    the Government.

4                    THE COURT:  Mr. Abreu, Mr. Brennan, do either

21:36:53  5    one of you have any concerns regarding the competence of the

6    Defendant to proceed?

7                    MR. ABREU:  I do not, your Honor.

8                    MR. BRENNAN:  No, your Honor.  The plea will

9    be an intelligent, knowing plea and voluntarily made.

21:37:04 10                    THE COURT:  All right.  Thank you.  All right.

11    Mr. Taieb, I want to advise you, sir, that you do have

12    a constitutional right to be represented by an attorney at

13    every stage of the proceedings.  I reviewed that with you at

14    the complaint stage of this case.

21:37:18 15    And Attorney Terry Brennan entered an appearance on

16    your behalf.  Obviously today you also have the assistance

17    of three other attorneys who are here with you, although

18    they've not yet been admitted.  But do you understand your

19    right to be represented by an attorney?

21:37:36 20                    THE DEFENDANT:  Yes, your Honor.

21                    THE COURT:  And do you confirm each of these

22    lawyers is providing legal counsel to you in this matter?

23                    THE DEFENDANT:  Yes, your Honor.

24                    THE COURT:  Have you received advice of

21:37:46 25    counsel concerning the charges against you in the

1    Information and what your response to those charges ought to

2    be?

3                    THE DEFENDANT:  Yes, I did, your Honor.

4                    THE COURT:  Have you told your attorneys

21:37:57  5    everything you know about the facts and circumstances of the

6    matters alleged in this case?

7                    THE DEFENDANT:  Yes, your Honor.

8                    THE COURT:  Are you completely satisfied with

9    the legal counsel you've received specifically from

21:38:08 10    Mr. Brennan, the one who is appearing on your behalf in this

11    case?

12                    THE DEFENDANT:  Yes, sir.

13                    THE COURT:  Now, Mr. Taieb, as we go through

14    this process, I'm going to describe a number of rights that

21:38:18 15    you have that you will surrender by entering a plea of

16    guilty.  It is important to remember that you retain the

17    right to be represented by an attorney.  That does not go

18    away in any fashion and that right remains all the way

19    through the time this case remains pending here in District

21:38:59 20    Court.

21         Do you understand that?

22                    THE DEFENDANT:  Yes, your Honor.

23                    THE COURT:  I'd like to talk to you about your

24    rights.

21:39:02 25         You do, first and foremost, have the right to a trial

1    by jury.  That right is accompanied by a number of other

2    rights.

3        At the trial that could be conducted in this case, you

4    would be represented by counsel.  You would be presumed

21:39:20 5    innocent.  You'd have the right to appear at the trial while

6    remaining silent.  If you exercise the right to remain

7    silent, the jury would be told they could draw no negative

8    conclusions from the fact that you remain silent.  You

9    obviously would have the right to testify if you wish, but

21:39:37 10    you could not be compelled to testify.

11        You would have the right to require the Government to

12    prove each charge against you by proof beyond a reasonable

13    doubt as to every element of the charges asserted.

14        You would not be required to prove anything, and in

21:39:53 15    particular, you would not be required to prove you were

16    innocent.

17        You understand each of the rights and descriptions

18    I've just indicated to you?

19            THE DEFENDANT:  Yes, your Honor.

21:40:01 20            THE COURT:  You understand if you enter a plea

21    of guilty today and that plea is accepted by the District

22    Judge, that you would give up the right to trial and each of

23    the rights I just described?

24            THE DEFENDANT:  Yes, your Honor.

21:40:13 25            THE COURT:  There are other rights that are

1    attached to going to trial.

2         At a trial against you, the Government would be

3    calling witnesses and you have the right to confront those

4    witnesses.  That means you have the right to be in the

21:48:49 5    courtroom when the witnesses testify and the right to have

6    those witnesses cross-examined by counsel.

7         With a plea of guilty, there would be no trial and no

8    governmental witnesses.  Therefore, you would be giving up

9    your right to confrontation.  You understand that?

21:49:03 10                   THE DEFENDANT:  Yes, your Honor.

11                   THE COURT:  You also have the right to use

12   what is called compulsory process or subpoenas to compel

13   witnesses who are favorable to you to come to court to

14   testify even if they would have preferred not to.

21:49:15 15        You understand you have the right to use compulsory

16   process?

17                   THE DEFENDANT:  Yes, your Honor.

18                   THE COURT:  And you understand with no trial,

19   no witnesses, you would obviously be giving up your right to

21:49:26 20   use compulsory process?

21                   THE DEFENDANT:  Yes, your Honor.

22                   THE COURT:  And to summarize, if you plead

23   guilty here today, you're going to give up all the

24   trial-related rights I just described to you.  Judge Oliver

21:49:38 25   would make a finding of guilty without a trial and then

1    would proceed after receiving the presentence report to

2    impose a sentence in this case.

3         Do you understand that?

4              THE DEFENDANT:  Yes, your Honor.

21:49:49  5              THE COURT:  Do you have any questions at all

6    about the rights you would surrender by pleading?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  Mr. Taieb, have you entered into a

9    plea agreement with the United States?

21:50:02 10              THE DEFENDANT:  Yes, your Honor.

11              THE COURT:  I have a copy of that plea

12    agreement here with me.

13         Do you have a copy of that in your possession today,

14    Mr. Taieb?

21:50:16 15              THE DEFENDANT:  I do.

16              THE COURT:  From my examination, that appears

17    to be a 24-page document, which is -- appears to have been

18    signed by you on May 5, 2022, as indicated on Page 14.

19         Can you confirm that you signed the plea agreement on

21:50:35 20    Page 14 on May 5, 2022?

21              THE DEFENDANT:  Page 14.  Yes, your Honor.

22              THE COURT:  And it appears that the document

23    also was signed by your attorney, Kenneth Wainstein, on

24    May 6, 2022.

22:49:27 25         Does your copy appear to indicate that as well?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  There are initials on every other

3    page of the document.  Did you initial all 23 other pages of

4    the plea agreement on the lower right-hand corner?

22:49:43 5          THE DEFENDANT:  I did, your Honor.

6          THE COURT:  Before signing the plea agreement

7    and initialing, did you read the document in its entirety?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Did you discuss it in detail with

22:49:53 10   your attorneys?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Did they answer any questions you

13   might have had about the content of the plea agreement or

14   its implications or potential consequences to you from that

22:50:09 15   agreement?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Do you have any questions about

18   the validity of the agreement you've entered into?

19          THE DEFENDANT:  No, your Honor.

22:50:18 20          THE COURT:  All right.

21      In order to set the stage for further discussion, let

22   me ask you, Mr. Abreu, if you would, to briefly summarize

23   what this agreement requires of the Defendant and the United

24   States.

22:50:31 25          MR. ABREU:  Yes, your Honor.

1    The agreement, your Honor, contains a waiver of

2    constitutional trial rights, as you've already discussed

3    with the Defendant.

4    There is a forfeiture agreement that's part of this

5    plea agreement where the Defendant is agreeing to forfeit

6    certain items; take recognition that certain real property

7    listed in the plea agreement is subject to forfeiture but

8    that there is an agreement to pay $2.15 million in lieu of

9    forfeiture of those agreements.  That would be due prior to

10   the -- that would be due by sentencing.

11   As part of this plea agreement, the Defendant is

12   agreeing to plead guilty to one count of Title 18, United

13   States Code, Section 371, conspiracy to commit an offense.

14   The offense that he's charged with conspiring to commit is

15   securities fraud under Title 15 and manipulative securities

16   trading, also under Title 15.

17   There is an agreement to recommend the use of the

18   Guidelines computation that is included in Paragraph 17.

19   The parties will be arguing the loss amount between 3.59 and

20   $25 million.

21   The United States agrees to recommend a third -- the

22   third level of reduction for acceptance of responsibility so

23   long as the Defendant continues to reflect his -- or conduct

24   himself in a way that's consistent with acceptance.

25   There's no agreement about Criminal History Category.

1    The Defendant does agree to waive many of his appellate and

2    post-conviction attack rights, except in specific

3    circumstances.

4         There's a waiver of statute of limitations.  And then

22:52:42 5    there's a waiver -- there's an agreement as to the factual

6    basis, which is included from Page 15 through 24.

7         And finally, Judge, the Defendant agrees to pay

8    restitution as ordered by the Court and submit a financial

9    statement after this plea before the date of sentencing.

22:53:11 10              THE COURT:  Thank you, Mr. Abreu.

11         Mr. Brennan, do you feel that the Government's

12    attorney has fairly summarized the essence of the plea

13    agreement?

14              MR. BRENNAN:  He has, your Honor.

22:53:21 15         The only thing I would add is the Government

16    recognizes that while Mr. Taieb is waiving certain rights,

17    he is not waiving his right to raise any affirmative

18    defenses at the time of sentencing, including any

19    affirmative defenses, excuse me, that if accepted by the

22:53:37 20    Court, would not result in a term of incarceration.

21         But otherwise, it's a fair and accurate recitation.

22              THE COURT:  All right.

23         Well, we'll talk a little bit more about that,

24    specifics of detail when we get into my discussion with Mr.

22:53:53 25    Taieb regarding the terms of the plea agreement.

1          Mr. Taieb, have you understood what the Government's

2     lawyer and your attorney have just said?

3                    THE DEFENDANT:  Yes, your Honor.

4                    THE COURT:  All right.

22:54:02  5          Before we talk about some of the specifics of the plea

6     agreement, I want to talk to you about the charge that

7     you're being charged with in the Information and to which

8     you will be pleading guilty.

9          Do you understand that under the Information, you have

22:54:26 10     a 12-page document and it contains on Page 4 of the

11     Information Count 1, conspiracy to commit securities fraud,

12     in violation of Title 18 United States Code, Section 371.

13          The charge in the Information is set forth in the plea

14     agreement on Page Number 2.  Do you see that?

22:55:02 15                    THE DEFENDANT:  Yes, your Honor.

16                    THE COURT:  So you understand the charge to

17     which you'll be pleading guilty is a violation of Title 18

18     United States Code, Section 371, conspiracy to commit an

19     offense, and if you turn ahead in the plea agreement to Page

22:55:24 20     Number 7, look at the elements of the offense, you can see

21     that the offense to which you allegedly -- about by which

22     you allegedly conspire was to violate provisions of Title 15

23     United States Code, Sections 78j(b), 78ff, 78i(a)(1), and

24     17CFR Sections 240.10b-5.

22:56:10 25          Do you see what I'm referring to?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  And do you understand the nature

3    of those charges?

4          THE DEFENDANT:  Yes, your Honor.

22:56:17  5          THE COURT:  Do you understand that the

6    Government, in order to prove the charge to which you'll be

7    pleading, would have to prove certain elements and they are

8    set forth in Paragraph 11 that I was just reading from; and

9    specifically, the Government would have to prove that two or

22:56:32 10    more persons conspired or agreed to commit the crimes

11    alleged in the Information.  Mainly, the securities fraud

12    violations described.

13          Number 2, that you knowingly and voluntarily joined

14    the conspiracy.  And Number 3, that a member of the

22:56:49 15    conspiracy did one of the overt acts described in the

16    Information which occurred within the five-year statute of

17    limitations for conspiracy for the purpose of advancing or

18    helping the conspiracy.

19          Do you understand those are the elements of the

22:57:08 20    offense?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  All right.

23          Mr. Brennan, have you reviewed with the Defendant what

24    evidence the Government has in support of its allegations

22:57:20 25    that Mr. Taieb violated the charge in Count 1?

1          MR. BRENNAN:  I have, your Honor.

2          THE COURT:  And, Mr. Taieb, do you feel that

3     you understand, based upon your discussions with counsel,

4     what evidence the Government has in support of the charge?

22:57:37  5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Do you have any questions about

7     anything related to what you're being charged with in this

8     matter?

9          THE DEFENDANT:  No, your Honor.

22:57:45 10         THE COURT:  Mr. Abreu, if you would, I'd like

11    you to set forth the consequences and potential penalties

12    associated with the Count 1 charge.

13         MR. ABREU:  Yes, your Honor.

14      Count 1, a violation of Title 18, United States Code,

22:58:01 15   Section 371, carries a maximum term of imprisonment of five

16    years, a maximum statutory fine of $250,000.  There is a

17    maximum alternative fine that the Court can issue twice the

18    gross pecuniary gain or twice the gross pecuniary loss to

19    the victims.

22:58:21 20      There's a maximum period of supervised release of

21    three years, and a $100 special assessment that is

22    mandatory.

23         THE COURT:  Is there any mandatory minimum

24    prison term associated with this offense?

22:58:33 25         MR. ABREU:  No, your Honor.

1              THE COURT:  Is the offense probationable?

2              MR. ABREU:  Yes, your Honor.

3              THE COURT:  And according to the plea

4    agreement, there is an agreement regarding the forfeiture of

22:58:50 5    a number of specific items of property.  Is that correct?

6              MR. ABREU:  That's correct, your Honor.

7              THE COURT:  Is there anything about which the

8    Court will be asked to order restitution, other than what is

9    set forth in the forfeited items?

22:59:03 10              MR. ABREU:  Yes, your Honor.

11        The Court makes a restitution amount that is higher

12    than the amount subject to forfeiture.  The Defendant has

13    agreed in Paragraph 24 to make full restitution on a joint

14    and several basis.  That would be joint and several with the

22:59:23 15    other members of the conspiracy which are separately

16    charged.  And -- but the amount that is set forth in the

17    forfeiture -- may I have one second, Judge?

18              THE COURT:  Certainly.

19              MR. ABREU:  The amount that is set forth in

22:59:49 20    the forfeiture is approximately $3 million, including the

21    other assets and the cash in lieu of the houses.

22              THE COURT:  Mr. Taieb, you've heard

23    Mr. Abreu's description of the potential consequences and

24    penalties associated with this offense.

23:00:07 25        Do you understand what he had to say about that?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you have any questions about

3  any of the potential penalties and consequences you face?

4          THE DEFENDANT:  No, your Honor.

23:00:19 5          THE COURT:  Do you understand that the

6  sentencing decision in this case will be made by Judge

7  Oliver?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Do you understand that Judge

23:00:29 10  Oliver is obligated to follow the United States sentencing

11  law and to impose a sentence that is sufficient but no

12  greater than what is necessary to achieve the purposes of

13  the sentencing laws?

14          THE DEFENDANT:  Yes, your Honor.

23:00:43 15          THE COURT:  You understand as a part of his

16  determination of the proper sentence, Judge Oliver must

17  calculate the applicable advisory Sentencing Guidelines

18  range by making a determination of what the offense level is

19  and what your Criminal History Category is?

23:01:01 20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  And do you understand that even

22  though these Guidelines are referred to as advisory

23  Guidelines, Judge Oliver must -- did we just lose somebody?

24          MR. ABREU:  That was Special Agent Fry, your

23:01:23 25  Honor.

1    THE COURT:  You want us to proceed without

2    Agent Fry?

3    MR. ABREU:  Yes, your Honor.

4    THE COURT:  He can probably come back in, I

23:01:28  5    assume.

6    All right.  Mr. Taieb, I was indicating that in

7    determining these Guidelines matters, the Court must look at

8    the advisory Guidelines.  He is obligated to look at them

9    but he's not obligated to follow them.  In other words, he's

23:01:44  10    not required to impose a sentence that's within the

11    Guidelines range.

12    Do you understand what I'm saying?

13    THE DEFENDANT:  Yes, your Honor.

14    THE COURT:  A simpler way to put that is to

23:01:54  15    indicate that he can vary upward or downward from the

16    Guidelines if he determines that that is the proper thing to

17    do in light of the facts of the case, and the circumstances

18    that may be brought to his attention, including as your

19    lawyer points out some affirmative defenses that you may

23:02:11  20    wish to bring to the Court's attention.

21    Do you understand that?

22    THE DEFENDANT:  Yes, your Honor.

23    THE COURT:  Are you familiar with the

24    Guidelines table?

23:02:20  25    THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  Have you reviewed that with your

2     attorneys?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  Do you have any questions about

23:02:26 5     how that works?

6          THE DEFENDANT:  No, your Honor.

7          THE COURT:  Now, you did hear Mr. Abreu make

8     reference to a term called "supervised release."  If someone

9     is sentenced to serve a term of incarceration for a federal

23:02:40 10     criminal offense, the individual is not released once the

11     sentence is complete on to parole.  You would be released

12     instead on something known as supervised release, which is

13     like a form of probation, where you would be given certain

14     requirements that you have to meet during the period of

23:02:57 15     supervised release.

16          It is important to understand that if you were to fail

17     to meet the requirements of supervised release, you could be

18     separately charged with a violation of the terms of

19     supervised release.

23:03:11 20          Do you understand that?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  For some violations of supervised

23     release terms, the Defendant can be sent back to prison to

24     serve more time, even though he has fully serve the first

23:03:25 25     sentence.  And if you combine additional time in prison with

1   the original sentence, you could end up serving more time

2   than what the maximum was on the original charge.

3       Do you understand that?

4           THE DEFENDANT:  Yes, your Honor.

23:03:38 5           THE COURT:  The last thing you say about

6   supervised release is that if you were sent to prison a

7   second time for a supervised release violation but were

8   sentenced to less than the maximum term for the release

9   violation, you could be put back on a new period of

23:03:53 10   supervised release after serving that second sentence.

11       Do you understand that?

12           THE DEFENDANT:  Yes, your Honor.

13           THE COURT:  Do you have any questions about

14   supervised release?

23:04:02 15           THE DEFENDANT:  No, your Honor.

16           THE COURT:  Now, Mr. Taieb, the offense to

17   which you propose to plead guilty today is a felony offense,

18   and if convicted of that offense, you do face a loss of

19   civil rights, including the right to vote, the right to hold

23:04:15 20   public office, the right to serve on a jury, and the right

21   to post any kind of a firearm.

22       Some of those rights are lost permanently, some are

23   only temporary.  But you understand that you do face the

24   potential to lose civil rights as a result of a plea of

23:04:31 25   guilty?

1        THE DEFENDANT:  Yes, your Honor.

2        THE COURT:  Are you on any kind of probation,

3   parole for any earlier state or federal convictions?

4        THE DEFENDANT:  No, your Honor.

23:04:44  5        THE COURT:  Let's take just a brief moment,

6   Mr. Taieb, to talk a little bit more about the topics set

7   forth in the plea agreement.

8        If you have it available, I'm going to ask you to turn

9   to Paragraph 12 on Page 7.

23:05:17 10        THE DEFENDANT:  Okay.

11        THE COURT:  Paragraph 12 in part restates what

12   I've covered with you about the Sentencing Guidelines.

13   Paragraph 13 tells you that there will be a presentence

14   report created, and the Court will make a determination on

23:05:32 15   what the offense level is and the Guidelines range is after

16   receiving the presentence report.

17        Paragraph 14 is an important one that talks about the

18   joint recommendation to use the advisory Sentencing

19   Guidelines.

23:05:46 20        And in essence, after considering the factors in the

21   sentencing law, the parties agree to recommend that the

22   Court impose a sentence within the range and of the kind

23   specified, pursuant to advisory Sentencing Guidelines, in

24   accordance with the computations and stipulations set forth

23:06:08 25   below.

1        Neither party will recommend or suggest in any way

2    that a departure or variance is appropriate, either

3    regarding the sentencing range or what kind of sentence.

4        You understand what I just read to you?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  And, Mr. Brennan, this is where I

7    would like some clarification because you asserted to me a

8    moment ago that the Defense wishes to make it known that

9    Mr. Taieb reserves the right to raise affirmative defenses,

10   which could be asserted at the time of sentencing.

11       Paragraph 14 seems to imply and directly states that

12   neither party will make any recommendation to the Court that

13   the Court should vary downward or upward from what the

14   Guidelines provide.

15       So how is that consistent with the reservation of a

16   right to assert affirmative defenses which presumably would

17   be used to argue for a downward variance or departure?

18            MR. BRENNAN:  Yes, your Honor.

19       So my understanding of 15 USC 78ff(a) and applicable

20   case law is there is an affirmative defense that may be

21   raised at sentencing after a guilty plea, which we are

22   having today, that would not result in a term of

23   incarceration, and Mr. Abreu understands the statutory

24   scheme and the case law that applies, and the U.S.

25   Attorney's Office agrees that that may be asserted at

1  sentencing.

2              THE COURT:  Mr. Abreu, do you agree with that

3  statement?

4              MR. ABREU:  I do, your Honor.  So the specific

23:08:07 5  provision of 78ff in Title 15 is pretty unique.

6        And it's all the criminal statutes that I've seen but

7  the last clause of Subsection A is that no person shall be

8  subject to imprisonment under the section for violation of

9  any rule or regulation if he proves he has no knowledge of

23:08:30 10  such rule or regulation.  And so although ignorance of the

11  law is no defense, usually, it appears that ignorance of the

12  law for these Title 15 securities cases may be a defense.

13        The Government hasn't taken a position that it is

14  or -- and doesn't agree that it applies in this case but

23:08:54 15  recognizes that the statute itself has a built-in

16  affirmative defense that a Defendant could raise at

17  sentencing.

18        And so that's the discussion that we had with Defense

19  counsel, and we think that that is consistent with the joint

23:09:11 20  recommendation to use the advisory Sentencing Guidelines

21  computation because ultimately the types of sentences

22  available would come back to the underlying statute and sort

23  of the statutory scheme that is set forth.

24        So this is -- this is just a sort of a unique quirk, I

23:09:33 25  think, in criminal statutes.

1          THE COURT:  It may be but as somebody who is

2     hearing about this topic for the first time this morning, if

3     I were reading Paragraph 14 of the plea agreement and

4     hearing what counsel for the United States and Defense have

12:39:26  5     had to say, I would take what you said about the specific

6     circumstances under 78ff and securities law to be a slight

7     modification of what the parties have agreed to in

8     Paragraph 14.

9          The Defense will be arguing for no imprisonment, and

12:39:48 10     given the Guidelines computation that the parties have made,

11     offense level of 27 or 29 as set forth in Paragraph 17, that

12     would seem to imply a term of incarceration.

13          So as long as the two sides are in agreement as to

14     what the Defendant has the right to argue under the statute

12:40:10 15     and each side has indicated here today on this record that

16     that is their understanding, then I don't see that there's

17     any need to modify the plea agreement.  The parties will be

18     free to argue consistent with what they've just described.

19          Is there anything more that either the Government or

12:40:29 20     Defense would like to say about that topic?

21          MR. ABREU:  No, Judge.

22          MR. BRENNAN:  No, your Honor.  Unless I see

23     head shakes from my co-counsel, but no, your Honor.

24          THE COURT:  All right.

12:40:42 25          Mr. Taieb, have you understood what counsel and I have

1    just been discussing?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  What I'm trying to ensure is that

4    the agreement that you have entered into is consistent with

12:40:58  5    what you and your lawyers believe they should have the right

6    to argue at the time of the sentencing hearing.

7         Do you understand that's what I'm doing?

8              THE DEFENDANT:  Yes.  Thank you, your Honor.

9              THE COURT:  All right.

12:41:11 10         Paragraph 17 states that there is a stipulated

11    Guidelines computation, as I just indicated, with a total

12    offense level of 27 or 29.

13         Do you understand that, Mr. Taieb?

14              THE DEFENDANT: Yes, your Honor.

12:41:31 15              THE COURT:  All right.  Let's talk for a

16    minute about the issue of appeal and waiver of

17    post-conviction attack.

18         If you would, you could turn to Paragraph 20 on

19    Page 9, where that topic is discussed.  The best way to

12:41:45 20    understand this issue is to understand that a person who is

21    charged and convicted of a federal criminal offense has a

22    full right of appeal.

23         If the jury finds you guilty, you can appeal the

24    guilty finding.  You could appeal every other issue that's

12:42:02 25    been decided in the course of the case.

1          Do you understand what a full right of appeal would

2     look like?

3               THE DEFENDANT:  Yes, your Honor.

4               THE COURT:  If you plead guilty, you give up

12:42:13 5     almost all of your appeal rights and that's what

6     Paragraph 20 attempts to deal with.  According to

7     Paragraph 20, you give up all of your appeal rights, except

8     the right to appeal any punishment in excess of the

9     statutory maximum.

12:42:28 10         So here, for example, if Judge Oliver sentenced you to

11    six years or eight years when the max was five, you could

12    appeal that.

13         Paragraph B within Paragraph 20 indicates that if you

14    were sentenced to a sentence that is above the Guidelines

12:52:49 15    range, you would appeal that.  In other words, if Judge

16    Oliver departed or varied upward, you could appeal from

17    that.

18         This paragraph also acknowledges that you at any point

19    in time can raise an argument that you have been the victim

12:53:04 20    of prosecutorial misconduct or you received ineffective

21    assistance of counsel.

22         Other than that, your appeal rights are surrendered by

23    entering into this plea agreement.

24         Do you understand what I'm saying?

12:53:19 25              THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  Do you have any questions about

2     any of that?

3          THE DEFENDANT:  No, your Honor.

4          THE COURT:  Counsel, let me ask Mr. Brennan

12:53:29  5     but also to Mr. Abreu, is there anything that either one of

6     you is aware of that would make Mr. Taieb's plea

7     conditional?

8          MR. ABREU:  No, your Honor.

9          MR. BRENNAN:  No, your Honor.

12:53:39 10          THE COURT:  Is there any issue in the case

11     that has transpired at the complaint stage or even now that

12     he is trying to reserve the right to appeal?

13          MR. BRENNAN:  No, your Honor.

14          THE COURT:  All right.

12:53:53 15     Mr. Taieb, are you aware that if convicted, a

16     Defendant who is not a citizen of the United States may be

17     removed from the United States, denied citizenship, and

18     denied admission to the United States in the future?

19          THE DEFENDANT:  Yes, your Honor.

12:54:10 20          THE COURT:  Sir, I want to ask you directly,

21     do you feel you're entering into this decision to make a

22     plea of guilty today voluntarily?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  Is this something that you have

12:54:20 25     decided to do personally?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Has anyone threatened you or

3    pressured you or pressured or threatened someone else in

4    order to try to force you to plead guilty here today?

12:54:31  5          THE DEFENDANT:  No, your Honor.

6          THE COURT:  Has anyone made any promises to

7    you in exchange for your guilty plea, other than what is set

8    forth in the plea agreement?

9          THE DEFENDANT:  No, your Honor.

12:54:41 10         THE COURT:  Now, counsel, before we move on to

11   the factual basis for the plea, is there anything further

12   from a procedural or rights standpoint you wish me to cover

13   with the Defendant at this stage?

14         MR. ABREU:  Judge, the only thing that I

12:54:58 15  didn't cover when you asked me about the forfeiture

16   provisions, I just want to clarify under 4, Paragraph 4,

17   Subparagraphs 5 and 6, that the Defendant's attorneys are

18   going to provide an accounting of the outstanding legal fees

19   as of the date of execution of the agreement.  That will be

12:55:32 20  submitted to the Court.  And at the plea hearing -- and I

21   imagine that we can do that under seal or they can figure

22   out how they want to do that.

23         And then, in Paragraph 6, that if the Defendant fails

24   to deliver the $2.51 million in lieu of the forfeited real

12:55:57 25  property by the date of the sentencing hearing, the

1      Defendant agrees that that failure will constitute a breach

2      of the plea agreement and would release the U.S. Attorney's

3      Office from its obligations under the agreement.

4           Since that provision is a little unique to this

12:56:14  5  agreement, I just wanted to bring back that that would also

6      be a potential breach.

7                THE COURT:  All right, Mr. Taieb.

8           Do you understand what Attorney Abreu has just had to

9      say?

13:04:15 10              THE DEFENDANT:  Yes, your Honor.

11                THE COURT:  Actually, I think given the fact

12      that the Government's lawyer has drawn the Court's attention

13      to the forfeiture clause, let's go through that, Mr. Taieb.

14      I want to make sure that you do understand specifically what

13:04:28 15      it is the plea agreement requires in terms of forfeiture of

16      items and cash and property and so forth.

17           So if you would, turn to Page 2 of the plea agreement,

18      Paragraph 4.  Let me know when you're there.

19                THE DEFENDANT:  Okay, your Honor.

14:13:18 20              THE COURT:  You see Paragraph 4 indicates that

21      the Defendant agrees as a part of this plea agreement to the

22      forfeiture of the following properties, and then there's a

23      list of subparagraphs?  You see that?

24                THE DEFENDANT:  Yes, your Honor.

14:13:29 25              THE COURT:  Paragraph A refers to a Richard

1    Millie man's watch.  Are you familiar with that watch?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  And do you agree to forfeit it?

4              THE DEFENDANT:  Yes, your Honor.

14:13:41 5    THE COURT:  Paragraph B refers to a different

6    Richard Millie.  I guess it is a man's watch.

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  Are you familiar with that item

9    and do you agree to forfeit it?

14:13:54 10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Paragraph C refers to a 2017 Tesla

12    Model X.  Are you familiar with that item of property?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Is it still in your possession or

14:14:06 15    in your wife's possession?

16             THE DEFENDANT:  No, the Government has it.

17             THE COURT:  All right.  And do you agree to

18    forfeit that?

19             THE DEFENDANT:  Yes, your Honor.

14:14:13 20             THE COURT:  Paragraph B refers to a 2014 Bali

21    convertible.  Do you understand what that item of property

22    is?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  And do you agree to forfeit it?

14:14:24 25             THE DEFENDANT:  Yes.

1          THE COURT:  And you agree that all of those

2    items are subject to forfeiture, as having been derived from

3    proceeds, traceable to the commission of the offense charged

4    in Count 1?

14:14:41 5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Do you agree, as reflected in

7    Paragraph 4A, to the forfeiture of the $7,981 in cash seized

8    on or about July 22, 2019?

9          THE DEFENDANT:  Yes, your Honor.

14:14:57 10         THE COURT:  And do you agree that the cash is

11   subject to forfeiture?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  Paragraph 4B deals with real

14   properties that were purchased or improved, including in

14:15:10 15  Subparagraph 4(b)(a), 18555 Collins Avenue.  It's a

16   condominium unit 4701 in Miami-Dade County Florida.

17       Are you familiar with that property?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  And do you agree that that

14:15:25 20  property is subject to forfeiture?  Not that you're going to

21   forfeit it, pursuant to this agreement, but that the

22   property would be subject to forfeiture if the cash being

23   referred to below were not made?

24         THE DEFENDANT:  Yes, your Honor.

14:15:42 25         THE COURT:  Paragraph 4A, pardon me, 4B makes

1    similar references in regard to a property located at 3329

2    Branham Lane in Dade, Florida.  Are you familiar with that

3    property?

4                    THE DEFENDANT:  Yes, your Honor.

14:16:00  5                THE COURT:  And you agree that that property

6    would be subject to forfeiture but for the payment provision

7    described below?

8                    THE DEFENDANT:  Yes, your Honor.

9                    THE COURT:  And then in Paragraph 4I on

14:16:20 10    Page 4, you are making an agreement to deliver $2.15 million

11    in a certified check deliverable to the U.S. Attorney's

12    Office, payable to the United States Marshal Service, in

13    lieu of the forfeiture of the real properties that I just

14    described.

14:16:36 15        Is that your understanding as well?

16                    THE DEFENDANT:  Yes, your Honor.

17                    THE COURT:  And do you agree to execute any

18    and all documents that are necessary to release -- pardon

19    me.  The U.S. Attorney's Office is agreeing to release any

14:16:54 20    documents that may have placed liens or attachments on the

21    property pending this litigation.

22        Is that your understanding, Mr. Taieb?

23                    THE DEFENDANT:  Yes, your Honor.

24                    THE COURT:  Assuming you make the payments?

14:17:08 25                THE DEFENDANT:  Yes, yes, your Honor.

1          THE COURT:  Do you see Subparagraph I, Sub 4,

2     that if you need to take out a mortgage in order to be able

3     to make the cash payment, the Government will work

4     cooperatively with you in order to enable you to do so?

14:17:34  5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  And do you understand, Mr. Taieb,

7     the $2.15 million must be delivered at the time of the

8     sentencing hearing?

9          THE DEFENDANT:  Yes, your Honor.

14:17:43 10          THE COURT:  Do you have any questions about

11     the whole topic of forfeiture and these provisions which

12     describe how you will go about accumulating and producing

13     the payment that you've agreed to make?

14          THE DEFENDANT:  Yes, your Honor.

14:18:05 15          THE COURT:  All right.

16      Counsel, any further items you wish me to discuss

17     before we move on to the factual basis?

18          MR. ABREU:  No, your Honor.  Thank you.

19          MR. BRENNAN:  No, your Honor.  Thank you.

14:18:20 20          THE COURT:  All right.

21      Mr. Taieb, I want to indicate to you that in federal

22     court, a party is not permitted to plead guilty unless

23     there's evidence to support the charge to which he is

24     pleading guilty, and that's the reason why Criminal Rule 1

14:40:56 25     requires the Court to verify that there's a factual basis

1        for the plea.

2            I refuse your plea agreement.  I notice at the

3        beginning of Page 15, there is what is referred to as an

4        Attachment A, and it contains Paragraphs 31 all the way down

14:41:18 5        to Paragraph 79 on Page 24.

6            Are you familiar with what I'm referring to?

7                    THE DEFENDANT:  Yes, your Honor.

8                    THE COURT:  Now, I asked you earlier whether

9        you had read the plea agreement before you signed it.  When

14:41:38 10       I asked you those questions, I was referring to the entire

11       document, including Attachment A.  But let me restate at

12       this point and ask you did you specifically review the

13       Attachment A and all the factual statements set forth in

14       Paragraphs 31 to 79?

14:41:56 15                   THE DEFENDANT:  Yes, your Honor.

16                   THE COURT:  Did you, as you reviewed those

17       documents and before you signed the plea agreement, find any

18       fact in any of those paragraphs that you thought was not

19       accurate?

14:42:09 20                   THE DEFENDANT:  No, your Honor.

21                   THE COURT:  Did you see anything where there

22       was some kind of a misstatement of the facts or an omission

23       of facts where additional information would need to be added

24       in order to make the paragraphs be more accurate or

14:42:28 25       truthful?

1          THE DEFENDANT:  No, your Honor.

2          THE COURT:  Do you agree, Mr. Taieb, that

3     every single statement of fact in Paragraphs 31 through 79

4     is true?

14:42:39  5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Let me inquire of counsel.

7          I feel like the Court is dealing with a highly

8     intelligent individual here, who is the Defendant; that he

9     has represented to me that he's reviewed, read, understands

14:43:01 10    and agrees with the factual statements in Attachment A.

11          Unlike the case where I'm dealing with somebody who

12     might not have that level of intelligence, I don't feel it's

13     necessary to go through every single paragraph to verify his

14     understanding of those facts.  Of course, I will, if counsel

14:43:22 15     feels that's necessary and would be required in order to

16     satisfy the requirements of Rule 11.

17          Let me hear from counsel.

18          MR. BRENNAN:  Your Honor, we agree with the

19     Court's inclination, which is that we do not believe it is

14:43:36 20     necessary.  He understand the factual basis for this plea.

21          MR. ABREU:  The Government's in agreement,

22     your Honor.  The parties have talked extensively about

23     Attachment A and the facts and had sort of very, very

24     detailed discussions.  And so we're confident that the facts

14:44:05 25     are accurate and that Mr. Taieb understands them.

1          THE COURT:  Has the Defendant already made a

2     full proffer as a part of the investigation of the case or

3     is that something that is not necessary but this was

4     negotiated through counsel?

14:44:22  5          MR. ABREU:  This was negotiated through

6     counsel.  And I know there's been discussions with the

7     Defendant.

8          THE COURT:  Through counsel, I assume.

9          MR. ABREU:  Yes.

14:44:38 10          THE COURT:  Great.

11        Mr. Brennan, anything you wish to add in that regard?

12          MR. BRENNAN:  No, your Honor.

13          THE COURT:  All right.

14        So, Mr. Taieb, the essential question I need to ask

14:44:47 15   you, sir, the paragraphs in 31 through 79 paint a picture of

16    how certain business activities involving specifically

17    described companies were conducted.  It paints a picture of

18    fraud was committed under securities laws of the United

19    States and that you were a participant in a conspiracy to

14:45:14 20   commit that fraudulent conduct.  And that's a very generic

21    statement of what is represented in here.

22        Do you agree, sir, you were involved in such conduct?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  Whether or not you may have fully

14:45:33 25   appreciated the fine details of the United States securities

1    laws, the question I have is do you agree that you committed

2    the conduct described in Attachment A?

3                    THE DEFENDANT:  Yes, your Honor.

4                    THE COURT:  And counsel, I'm satisfied, based

5    on the information provided in Attachment A, that there's a

6    factual basis for the plea, and I believe Judge Oliver

7    certainly could make further inquiry if he wishes to do so

8    at the time of the sentencing hearing, in order to obtain

9    any clarification that he might wish to receive from the

10   Defendant.  But for purposes of Rule 11, based upon the

11   Defendant's representations of having read Attachment A, he

12   understood it and confirmed what he has just said to me, I'm

13   satisfied we can proceed at this stage unless counsel wishes

14   anything further to be discussed.

15                   MR. BRENNAN:  No, your Honor, not on behalf of

16   Mr. Taieb.

17                   THE COURT:  Mr. Taieb, we've covered

18   everything that needs to be done.

19        Before I would ask how you wish to plead in this case,

20   do you wish to speak to counsel or do you have any questions

21   for me before I move on to ask you what your plea is in the

22   matter?

23                   THE DEFENDANT:  No, your Honor.  I'm ready.

24                   THE COURT:  All right, sir.

25        Having made the following determinations, Number 1

1   that you're competent to proceed today; Number 2, that you

2   understand the nature of the charges asserted against you

3   and the potential consequences of being convicted of the

4   charge, that you understand the rights you have under the

14:48:52  5   circumstances, and that you understand and acknowledge that

6   there's a factual basis for the plea, I will ask you now,

7   how you wish to plead in regard to Count Number 1 of the

8   Information; guilty or not guilty?

9           THE DEFENDANT:  Guilty.

14:49:09 10          THE COURT:  Are you entering a plea of guilty

11   to Count Number 1 because you acknowledge you are, in fact,

12   guilty of committing the crime alleged in Count 1?

13           THE DEFENDANT:  Yes, your Honor.

14           THE COURT:  All right.

14:49:21 15     The Court will find the Defendant's made a knowing,

16   voluntary, and intelligent decision to enter a plea of

17   guilty in the matter supported by the other findings I

18   already indicated for the record.

19     I will recommend to Judge Oliver that he accept the

14:49:33 20   Defendant's plea and then proceed to find him guilty and

21   impose a sentence consistent with the law and the parties'

22   agreement.

23     I will order that there be a presentence investigation

24   conducted in this matter.

14:49:47 25     Mr. Taieb, I would strongly encourage you to cooperate

1   fully with the presentence investigation.  The report that

2   comes from that investigation is one of the most important

3   things that the District Judge will look at in deciding how

4   to sentence you in this case.

14:50:05   5      So cooperating can only help you, and not fully

6   cooperating can only be harmful to you.

7      Judge Oliver has asked us to advise everyone that

8   sentencing will be scheduled for September 27th at

9   11:00 A.M.  I believe that it will be conducted in person in

14:50:25  10   the courthouse, but as this pandemic continues to evolve and

11   linger, linger and linger, that might not be the case.

12      So, Mr. Taieb, counsel will advise you of the

13   specifics of where that will take place.

14      Is there any change in the Government's position

14:50:44  15   respecting bond at this stage?

16          MR. ABREU:  No, your Honor.

17          THE COURT:  Mr. Taieb, you will continue to be

18   released under the conditions of your bond that were

19   previously established.

14:50:53  20      Do remain in contact with counsel as the matter

21   proceeds.

22      I hope you have a good rest of your day.

23          THE DEFENDANT:  Thank you, your Honor.

24          MR. BRENNAN:  Thank you, your Honor.

14:51:05  25      (Proceedings adjourned at 2:51 p.m.)

1                    C E R T I F I C A T E

2         I, Shirle M. Perkins, Federal Official Court Reporter,
   court-approved transcriber, certify that the foregoing is a
3  correct transcript from the official sound recording of the
   proceedings in the above entitled matter.
4

5  s/Shirle Perkins
   Shirle M. Perkins, RDR-CRR
6  U.S. District Court - Room 7-189
   801 West Superior Avenue
7  Cleveland, Ohio 44113
   (216) 357-7106
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25